UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

ERIC HOWARD                                             CIVIL ACTION

VERSUS                                                  NO. 20-26-SDD-RLB

CF INDUSTRIES, INC., ET AL.

## ORDER

Before the Court is Plaintiff's Motion for Leave to File First Supplemental and Amended Complaint for Damages ("Motion to Amend"). (R. Doc. 26). Plaintiff appears to represent that the motion is unopposed.[1]

Eric Howard ("Plaintiff") initiated this action with the filing of a Petition for Damages in State court on November 9, 2019. (R. Doc. 1-1). BrandSafway, LLC ("BrandSafway") and CF Industries Nitrogen, LLC ("CFN") (collectively, "Defendants") removed the action on the basis that the Court has diversity jurisdiction over the action pursuant to 28 U.S.C. § 1331. (R. Doc. 1).[2] Defendants specifically asserted that there is complete diversity because Plaintiff is a citizen of Louisiana, BrandSafway is a citizen of Delaware and Georgia, and CFN is a citizen of Delaware, Minnesota, and Illinois. (R. Doc. 1 at 9).

On August 12, 2021, Plaintiff filed the instant Motion to Amend, which seeks to amend the Petition to name as additional defendants Turner Industrial Maintenance, LLC ("Turner") and Coating Services, Inc. ("CSI"). (R. Doc. 26).[3] The Court has reviewed the proposed pleading

---

[1] The Motion states the following: "Undersigned contacted counsel for defendants who have voiced no opposition to this filing." (R. Doc. 26 at 1).

[2] Defendants state that they were incorrectly named as "BrandSafway Industries, LLC, a/k/a, d/b/a and BrandSafway, LLC" and "CF Industries, Inc. a/k/a, d/b/a and CF Industries Holdings, Inc." in the Petition. (R. Doc. 1 at 1).

[3] The original deadline to amend the pleadings expired on May 29, 2020. (R. Doc. 14). The Court subsequently issued a new deadline of August 13, 2021. (R. Doc. 25). Accordingly, the instant Motion to Amend is timely.

(R. Doc. 26-1) and finds that it lacks specific allegations of the citizenship of at least one of the proposed defendants.

It appears that Turner is a limited liability company. The citizenship of a limited liability company is determined by the citizenship of each of its members, not its principal place of business, the state under whose laws it is organized, or its authorization to do business in a certain state. *See Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008). When members are themselves limited liability companies, the citizenship must be traced through however many layers of members there may be. *Turner Bros. Crane & Rigging, LLC v. Kingboard Chem. Holding Ltd.*, No. 06-88, 2007 WL 2848154, at *4 (M.D. La. Sept. 24, 2007). Plaintiff's Motion to Amend is deficient because the proposed pleading does not provide the citizenship of all members of Turner. The proposed pleading states that Turner is a "Louisiana company with its principal place of business located in the Parish of East Baton Rouge, State of Louisiana." (R. Doc. 26-1 at 2).

It also appears that CSI is a corporation. The citizenship of a corporation is determined by its state of incorporation and principal place of business. See 28 U.S.C. § 1332(c)(1); *Illinois Central Gulf Railroad Co. v. Pargas, Inc.*, 706 F.2d 633, 637 (5th Cir. 1983). A corporation's principal place of business is its "nerve center," meaning "the place where a corporation's officers direct, control, and coordinate the corporation's activities." *Hertz Corp. v. Friend*, 559 U.S. 77, 92 (2010). The proposed pleading states that CSI is a "Louisiana company with its principal place of business located in the Parish of Ascension, State of Louisiana." (R. Doc. 26-1 at 2). It appears that Plaintiff is alleging that CSI is both incorporated in, and has its principal place of business within, the State of Louisiana. If that is correct, then the addition of CSI would destroy complete diversity in this action.

Plaintiff's Motion to Amend does not address whether the addition of either Turner or CSI would destroy complete diversity in this action, and, if so, whether the Court should allow joinder and remand the action. *See* 28 U.S.C. § 1447(e) ("If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court."). Accordingly, the Court will deny the instant motion without prejudice to refile.

Any renewed motion seeking to name Turner or CSI as a defendant must (1) identify the citizenship of each proposed defendant, and (2) expressly state whether the motion is opposed. If the addition of a new party would destroy diversity, the proposed motion must also specifically address 28 U.S.C. § 1447(e) and the factors set forth in *Hensgens v. Deere & Co.*, 833 F.2d 1179, 1182 (5th Cir. 1987).

Based on the foregoing,

**IT IS ORDERED** that Plaintiff's Motion for Leave to File First Supplemental and Amended Complaint for Damages (R. Doc. 26) is **DENIED**. Any renewed motion must comply with the body of this Order and should be filed on or before **August 26, 2021.**

Signed in Baton Rouge, Louisiana, on August 17, 2021.

                                              **RICHARD L. BOURGEOIS, JR.**
                                              **UNITED STATES MAGISTRATE JUDGE**