UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

ERIC HOWARD                                                              CIVIL ACTION

VERSUS                                                                        NO. 20-26-SDD-RLB

CF INDUSTRIES, INC., ET AL.

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

**ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.**

Signed in Baton Rouge, Louisiana, on September 13, 2021.

RICHARD L. BOURGEOIS, JR.
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| ERIC HOWARD | CIVIL ACTION |
| VERSUS | NO. 20-26-SDD-RLB |
| CF INDUSTRIES, INC., ET AL. | |

**ORDER**

Before the Court is Plaintiff's Motion for Leave to File First Supplemental and Amended Complaint for Damages ("Motion to Amend"). (R. Doc. 30). Plaintiff represents the motion is unopposed. Furthermore, the deadline to file any opposition to the instant motion has expired. LR 7(f). Accordingly, the motion is unopposed.

**I.   Background**

On November 9, 2019, Eric Howard ("Plaintiff") initiated this action with the filing of a Petition for Damages in the 23rd Judicial District Court for Ascension Parish, Louisiana. (R. Doc. 1-1). BrandSafway, LLC ("BrandSafway") and CF Industries Nitrogen, LLC ("CFN") (collectively, "Defendants") removed the action on the basis that the Court has diversity jurisdiction over the action pursuant to 28 U.S.C. § 1332. (R. Doc. 1).[1] Defendants specifically asserted that there is complete diversity because Plaintiff is a citizen of Louisiana, BrandSafway is a citizen of Delaware and Georgia, and CFN is a citizen of Delaware, Minnesota, and Illinois. (R. Doc. 1 at 9).

On August 12, 2021, Plaintiff filed his first Motion to Amend, which sought to amend the Petition to name as additional defendants Turner Industrial Maintenance, LLC ("Turner") and

---

[1] Defendants state that they were incorrectly named as "BrandSafway Industries, LLC, a/k/a, d/b/a and BrandSafway, LLC" and "CF Industries, Inc. a/k/a, d/b/a and CF Industries Holdings, Inc." in the Petition. (R. Doc. 1 at 1).

1

Coating Services, Inc. ("CSI"). (R. Doc. 26). The Court denied the motion without prejudice to refile on the basis that Plaintiff did not provide the citizenship particulars of the two proposed defendants and, if either of these defendants was nondiverse, Plaintiff did not address 28 U.S.C. § 1447(e) and the factors set forth in *Hensgens v. Deere & Co.*, 833 F.2d 1179, 1182 (5th Cir. 1987). (R. Doc. 29).

Plaintiff timely filed this second Motion to Amend, which again seeks to name Turner and CSI as additional defendants. (R. Doc. 30). Plaintiff represents that both proposed defendants are citizens of Louisiana, and their addition as defendants will destroy complete diversity in this action. (R. Doc. 30 at 1). Plaintiff specifically argues that amendment should be allowed pursuant to 28 U.S.C § 1447 and the *Hensgens* factors. (R. Doc. 30 at 2).

**II.    Law and Analysis**

Amendments to pleadings are generally governed by Rule 15 of the Federal Rules of Civil Procedure. Under Rule 15, after the period for amendment as a matter of course elapses, "a party may amend its pleading only with the opposing party's written consent or the court's leave" and the "court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). The rule "evinces a bias in favor of granting leave to amend." *Martin's Herend Imports, Inc. v. Diamond & Gem Trading U.S.A. Co.*, 195 F.3d 765, 770 (5th Cir. 1999) (quoting *Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 597 (5th Cir. 1981)). Although leave to amend should not be automatically granted, "[a] district court must possess a substantial reason to deny a request for leave to amend." *Jones v. Robinson Prop. Grp., L.P.*, 427 F.3d 987, 994 (5th Cir. 2005) (quotations omitted). In determining whether to grant leave, a court may consider several factors, including among other things, the movant's "bad faith or dilatory motive" and the "futility" of

the amendment. *Rhodes v. Amarillo Hosp. Dist.*, 654 F.2d 1148, 1153 (5th Cir. 1981) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

Since joinder of a non-diverse defendant after removal would destroy diversity jurisdiction and require remand, a court has discretion to permit or deny joinder. *See* 28 U.S.C. § 1447(e) ("If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court."). When an amendment seeks to add a nondiverse party that would destroy jurisdiction altogether in a removed action, the court must balance the factors as set forth in *Hensgens v. Deere & Co.*, 833 F.2d 1179 (5th Cir. 1987). The court should "scrutinize that amendment more closely than an ordinary amendment" and should generally consider four factors to determine whether the amendment is appropriate: "[1] the extent to which the purpose of the amendment is to defeat federal jurisdiction, [2] whether plaintiff has been dilatory in asking for amendment, [3] whether plaintiff will be significantly injured if amendment is not allowed, and [4] any other factors bearing on the equities." *Id*. at 1182. If the court permits the addition of a nondiverse defendant, it must remand the action to the state court. *Id*.

The purpose of the amendment appears to be to add proper parties to this lawsuit, not to defeat federal jurisdiction. Plaintiff represents that he determined through depositions that the proposed defendants Turner and CSI are "proper parties to this lawsuit." (R. Doc. 30 at 2). Plaintiff was not dilatory in seeking amendment, which was sought prior to the deadlines to amend set by the Court. Plaintiff may be significantly injured if amendment is not allowed, as he will be unable to recover against two entities that allegedly "were in charge of setting up and providing a safe ingress and egress to the construction site" and allegedly failed "to provide a safe and secured ladder on the premises" which led to Plaintiff's injuries. (R. Doc. 30-1 at 3).

3

Denying amendment would require Plaintiff to seek relief against Turner and CSI in a separate action, resulting in the danger of inconsistent results and the waste of judicial resources in light of parallel proceedings. Finally, the current defendants do not oppose amendment.

The *Hensgens* factors, when considered in their totality, weigh in favor of allowing the proposed amendment to add Turner and CSI as a non-diverse defendants in this action. Furthermore, the factors relevant to Rule 15(a)(2) provide that leave to amend to name Turner and CSI should be granted. The addition of these non-diverse defendants will require remand of the action for lack of diversity jurisdiction.

### III. Conclusion

**IT IS RECOMMENDED** that Plaintiff's Motion for Leave to File First Supplemental and Amended Complaint for Damages (R. Doc. 30) be **GRANTED**.

**IT IS FURTHER RECOMMENDED** that the Court instruct the Clerk's Office to enter Plaintiff's First Supplemental and Amended Complaint for Damages (R. Doc. 30-1) into the record.

**IT IS FURTHER RECOMMENDED** that subsequent to the entry of Plaintiff's First Supplemental and Amended Complaint for Damages into the record, which will destroy diversity jurisdiction in this action, the Court **REMAND** this action to the 23rd Judicial District Court for Ascension Parish, Louisiana.

Signed in Baton Rouge, Louisiana, on September 13, 2021.

_____
**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**